IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TONY LAMAR LINDSEY,   ) | |
|     ID # 18016936,   ) | |
|         Plaintiff,   ) | |
| vs.   ) | No. 3:18-CV-1588-M-BH |
| )  | |
| DALLAS COUNTY JAIL SHERIFF'S   ) | |
| DEPT., et al.,   ) | |
|         Defendants.   ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this *pro se* prisoner action has been automatically referred for full case management. Based on the relevant filings and applicable law, only the plaintiff's excessive force claim should be allowed to proceed, and all remaining claims should be **DISMISSED**.

**I. BACKGROUND**

Tony Lamar Lindsey (Plaintiff) sues the "Dallas County Jail Sheriff's Department," Lew Sterrett Justice Center, and Dallas County Sheriff's Department Security Officer Ross, in his official and individual capacities, under 42 U.S.C. § 1983. (Doc. 3 at 3; doc. 20 at 2, 11.)[1]

Plaintiff alleges that on May 2, 2018, at the Dallas County Jail, he and three other inmates were sitting at a table. (Doc. 20 at 13.) Officer Ross entered the area and yelled at the inmates to "rack up." (*Id*. at 15, 16.) Plaintiff asked him why he was being disrespectful. Officer Ross used an expletive and asked him what he said. Plaintiff used a racial slur or slang and said, "You heard me." (*Id*. at 13, 15.) Officer Ross slammed into him and choked him "to the point of fainting," and slammed his head against the concrete wall and metal door. (*Id*. at 13.) Plaintiff was taken to Parkland ACC in the Lew Sterrett Justice Center for treatment, where he received staples for a

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

laceration, without a numbing agent or medicine for pain. (*Id*. at 5.) He was catheterized by a nurse and doctor. (*Id*. at 8.) He was later taken to Parkland Hospital for an unspecified procedure, and he is scheduled to be taken to the hospital again. (*Id*.) The staples were never taken out and fell out on their own, which caused an infection and left a scar. (*Id*. at 5.)

Officer Ross allegedly reported Plaintiff for refusing to obey an order during the incident. (*Id*. at 13.) He was found guilty in the disciplinary case for refusing to obey an order and was punished with 10 days' full restriction. (*Id*. at 12.) His appeal of the disciplinary case was denied, and he did not receive a reply to his grievances about the assault. (*Id*. at 5.)

Plaintiff alleges that Officer Ross violated his constitutional rights by using excessive force against him and falsifying a report and testimony at the disciplinary hearing, and the Dallas County Jail Sheriff's Department and Lew Sterrett Justice Center failed to protect him and covered up the assault by punishing him in a disciplinary matter, provided poor treatment that led to "no medical help," and failed to answer grievances. (Doc. 3 at 3-4, 7-9; doc. 20 at 2-8, 11-13.) He claims that the Dallas County Jail Sheriff's Department and Lew Sterrett Justice Center should have known that Officer Ross had a history of violence against inmates, and that officers were not trained on how to handle bullying and assaulting of inmates by other officers. (Doc. 20 at 3.) He seeks monetary damages and counseling. (*Id.* at 20.)

## II. PRELIMINARY SCREENING

Plaintiff, an inmate currently incarcerated in the Tarrant County jail, was incarcerated in the Dallas County jail when he filed his complaint and has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his

complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.  SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A.  **Non-jural Entity**

Plaintiff initially named "Dallas County Jail Sheriff's Department" as a defendant. After he was advised that the Dallas County Jail Sheriff's Department was a non-jural entity and was given

the opportunity to name another defendant, he named the Lew Sterrett Justice Center as a defendant. (*See* doc. 20 at 1, 2.)

A plaintiff may not bring a civil rights action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. Neither the Dallas County Jail, the Dallas County Sheriff's Department, nor the Lew Sterrett Justice Center are jural entities subject to suit. *See*, *e.g.*, *Edwards v. Dallas County Jail Med. Dep't*, No. 3:07-CV-0886-G, 2007 WL 2687615, at *2 (N.D. Tex. Sept. 13, 2007) (holding that the Dallas County jail is not a jural entity subject to suit); *Gonzales v. Lew Sterrett Dallas County Jail*, No. 3:08-CV-1510-D, 2008 WL 4921428, at *3 (N.D. Tex. Nov. 13, 2008) (holding that the Lew Sterrett Justice Center is a not a jural entity capable of being sued); *Magnett v. Dallas County Sheriff's Dep't*, No. 3:96-CV-3191, 1998 WL 51355, at *1 (N.D. Tex. Jan. 20, 1998) (holding that the Dallas County Sheriff's Department is not a jural entity that can be sued). The claims against these defendants should therefore be dismissed.

B.  **Official Capacity Claims**

Plaintiff sues Officer Ross in his official capacity.

An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Plaintiff's allegations against Officer Ross in his official capacity are therefore essentially claims against his government employer, Dallas County, Texas (County). *See id*; *Stiff v. Stinson*, No. 3:12-CV-4998-D, 2013 WL 3242468, at *3 (N.D. Tex. June 27, 2013) (citing *Graham*, 473 U.S. at

165).

Municipalities, including counties and cities, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008). A municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978); *Jones v. City of Hurst, Tex.*, No. 4:05–CV–798–A, 2006 WL 522127, at *3 (N.D. Tex. Mar. 2, 2006) (citing *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). It is well-settled that a municipality cannot be liable under a theory of *respondeat superior*, however. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing cases). "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id.* (citing *Monell*, 436 U.S. at 694); *see also Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010); *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Monell*, 436 U.S. at 691–95.

Here, Plaintiff does not allege a specific policy that was officially adopted and promulgated by the County's lawmaking officials, nor does he allege any persistent or widespread practice that caused his alleged injuries. (*See id.*) He has therefore failed to state a viable § 1983 claim against the County, and his official capacity claims against Officer Ross should be dismissed. *See Beavers v. Brown*, No. 3:13-CV-1395-B, 2013 WL 6231542, at *3 (N.D. Tex. Dec. 2, 2013) (finding that claims against county employees in their official capacities should be dismissed); *Stiff*, 2013 WL 3242468, at *3–4 (same).

### C.     Individual Capacity Claims

Plaintiff also sues Officer Ross in his individual capacity for allegedly submitting a false disciplinary report and provided false testimony at the disciplinary hearing and for excessive force.

#### 1.     *False Disciplinary Report and Testimony*

A claim that a disciplinary charge was false, standing alone, does not state a claim upon which relief may be granted. *See Harris v. Smith*, 482 F. App'x 929, 930 (5th Cir. 2012). Plaintiff's punishment of 10 days' restriction in the disciplinary case did not create a liberty interest and did not implicate due process in the disciplinary hearing. *See Lasater v. Herrera*, 729 F. App'x 362, 362-63 (5th Cir. 2018) (allegation of false disciplinary report failed to state a claim, and due process was not implicated where plaintiff lost prison privileges). Plaintiff's claim of a false disciplinary report and testimony should be dismissed.

To the extent that Plaintiff's allegations may be liberally construed as a claim of retaliation, he has failed to state a plausible claim. A prisoner must allege: 1) a specific constitutional right; 2) an intent to retaliate against the prisoner for his or her exercise of that right; 3) a retaliatory adverse act; and 4) causation. *Peters v. Quarterman*, 252 Fed. App'x 705, 706 (5th Cir. Oct. 31, 2007), citing *Hair v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). Plaintiff does not allege that the disciplinary report was in response to his exercise of a constitutional right; he claims that the disciplinary report and false testimony were meant to cover up the assault by Officer Ross. His allegation of a cover up does not state a claim of retaliation. *See Moore v. Charles*, 742 F. App'x 30, 31 (5th Cir. 2018) (prisoner's claim that disciplinary action was instituted to cover up an assault by a prison officer did not state a retaliation claim, where the prisoner did not assert that he exercised a right that caused him to be punished.)

    **2.**    *Excessive Force*

Plaintiff alleges that Officer Ross used excessive force against him for what he said to Officer Ross.

It is not clear whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the alleged excessive force. The Fourteenth Amendment applies if he was a pretrial detainee, and the Eighth Amendment applies if he was a convicted prisoner. *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2470 (2015). Under the Fourteenth Amendment, the standard is whether the actions were "rationally related to a legitimate nonpunitive governmental purpose" or were "excessive in relation to that purpose." *Id*. at 2473. A pretrial detainee can prevail by showing that the force used against him was "objectively unreasonable." *Id*. at 2472. Under the Eighth Amendment, the standard is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

Plaintiff has sufficiently alleged facts to support his claim that Officer Ross used excessive force under either the Eighth or Fourteenth Amendments. His factual allegations that Officer Ross choked him and slammed his head into the wall and door, which must taken as true at this stage of the proceedings, reasonably suggest that Officer Ross's use of force was not "rationally related to a legitimate nonpunitive governmental purpose," was "excessive in relation to that purpose," or was "objectively unreasonable" under the Fourteenth Amendment. He also sufficiently alleges facts that reasonably suggest that the use of force was not applied in a good-faith effort to maintain or restore discipline, and was applied maliciously and sadistically to cause harm under the Eighth Amendment. Plaintiff's excessive force claim should survive preliminary screening.

## IV. RECOMMENDATION

All claims against all defendants, except for the claim against Officer Ross in his individual capacity for use of excessive force, should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**SIGNED this 31st day of December, 2018.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE